**Andrew P. Holland/Bar No. 224737**
aholland@thoits.com
**Stephen C. Gerrish/Bar No. 161253**
sgerrish@thoits.com
**THOITS, LOVE, HERSHBERGER & McLEAN**
A Professional Law Corporation
285 Hamilton Avenue, Suite 300
Palo Alto, California 94301
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

**Attorneys for Defendant**
**Pacific Cheese Co., Inc.**

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**NERY'S USA, INC., a Nevada Corporation,**

Plaintiff,

v.

**ZAHAVA GROUP, INC., A California Corporation, DAVID FINKELSTEIN, An Individual, REPRESENTACIONES DE CALIFORNIA, S.A. DE C.V; ALIMENTADOR DEL PACIFICO, S.A. DE C.V.; PACIFIC CHEESE CO., INC., A California Corporation; AND DOES 1-100,**

Defendants.

No. '11CV1469 BEN JMA

NOTICE OF REMOVAL

**INTRODUCTION**

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§ 1338, 1441(a) and 1446, Pacific Cheese Co., Inc., ("Defendant") hereby removes this action from the Superior Court of the State of California, County of San Diego, where it is now pending, to the United States District Court, Southern District of California. In support of this Notice of Removal, the

Defendant states:

1. The removed case is a civil action commenced by Plaintiff Nery's USA, Inc., a Nevada Corporation ("Plaintiff") against defendants venued in the Superior Court of the State of California, County of San Diego, Court File No. 37-2011-00092174-CU-BT-CTL. Defendant Pacific Cheese was served with a copy of the Summons and Complaint in this matter on or about June 10, 2011.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and (b). 28 U.S.C. § 1338(a) states, in part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks..." This action is a civil action against defendants for alleged infringement of its purportedly federally registered trademark, serial number 77699776. Complaint, ¶¶17-22 and 27-30. Plaintiff has brought claims against defendants for federal Trademark Infringement and Counterfeiting under 15 U.S.C. § 1114 and False Advertising under 15 U.S.C. §1125(a).

3. The Complaint alleges that Plaintiff NERY'S USA is a corporation which is organized under the laws of Nevada. Complaint, ¶1. Defendant Zahava Group, Inc. is a California Corporation with its principal place of business located at 7525 Brittania Park Place, San Diego, California. Zahava Group, Inc. operates a food import/export and distribution business. Complaint, ¶2. Defendant David Finklesteinis a resident of San Diego, California. Complaint, ¶3. Defendant Representaciones De California, S.A. de C.V. is a corporation organized under the laws of Mexico with its principal place of business located at 7525 Brittania Park Place, San Diego, California. Representaciones De California, S.A. de C.V. is a subsidiary of Zahava Group, Inc. Complaint, ¶4. Defendant Alimentador Del Pacifico S.A. de C.V. is a corporation organized under the laws or Mexico with its principal place of business located at 7525 Brittania Park Place, San Diego, California. Alimentador Del Pacifico S.A. de C.V. is a subsidiary of Zahava Group, Inc. Complaint, ¶5. Pacific Cheese Co., Inc, is a California Corporation with its principal place of business located at

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

21090 Cabot Blvd., Hayward, California. Complaint, ¶6. There are no other parties in this case.

4. This action is removable pursuant to 28 U.S.C. § 1441(a), which provides that any civil action brought in a state court for which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court for the United States for the district and division embracing the place where the action is pending.

5. This Notice of Removal is timely filed within thirty (30) days from the date that Plaintiffs commenced this action, which was on June 1, 2011, and the date that Defendant was served with a copy of the Complaint, which was on or about June 10, 2011.

6. Copies of the summons, complaint, civil case cover sheet and Notice of Case Assignment are attached hereto as Exhibit 1. Defendant is informed and believes that these attachments compromise the entirety of the Superior Court in this matter.

7. Defendant hereby demands a jury trial in this case.

8. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's defenses or affirmative defenses including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party(ies); or (8) any other procedural or substantive defense available under state or federal law.

10. This Notice of Removal is executed by the undersigned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

\\

\\

\\

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

**WHEREFORE,** Defendant Pacific Cheese Co., Inc., hereby removes this action from the San Diego County Superior Court, to the United States District Court, Southern District of California, and requests that further proceedings be conducted in this Court as provided by law.

Dated: July 1, 2011.

**THOITS, LOVE, HERSHBERGER & McLEAN**
**Attorneys for Defendant PACIFIC CHEESE CO., INC.**

By *s/Andrew P. Holland*

Andrew P. Holland/ CA Bar No. 224737
A Professional Law Corporation
285 Hamilton Avenue, Suite 300
Palo Alto, California 94301
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
E-mail: aholland@thoits.com

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

# DISCLOSURE STATEMENT

Pursuant to Federal Rule Civil Procedure 7.1, the undersigned, counsel of record for Pacific Cheese Co., Inc., certifies that there is no publicly held corporation or parent corporation owning 10% or more of its stock. The following listed parties may have a pecuniary interest in the outcome of this case: Stephen Brooks Gaddis.

Dated: July 1, 2011.

**THOITS, LOVE,**
**HERSHBERGER & McLEAN**
**Attorneys for Defendant PACIFIC CHEESE CO., INC.**

By *s/Andrew P. Holland*

Andrew P. Holland/ CA Bar No. 224737
A Professional Law Corporation
285 Hamilton Avenue, Suite 300
Palo Alto, California 94301
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
E-mail: aholland@thoits.com

# EXHIBIT 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7071 | |
| PLAINTIFF(S) / PETITIONER(S): Nery's USA Inc | |
| DEFENDANT(S) / RESPONDENT(S): Zahava Group Inc et.al. | |
| NERY'S USA INC VS. ZAHAVA GROUP INC | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2011-00092174-CU-BT-CTL |

Judge: Ronald S. Prager

Department: C-71

**COMPLAINT/PETITION FILED:** 06/01/2011

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2011 JUN -1 P 12:43

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ZAHAVA GROUP, INC., a California Corporation; DAVID FINKELSTEIN, an individual; See attached for additional defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

NERY'S USA, INC.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 W. Broadway, San Diego, CA 92101.

CASE NUMBER:
*(Número del Caso):*
37-2011-00092174-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert W. Hicks, 501 West Broadway, Suite 800, San Diego, CA 92101. Tel. (619) 236-3403

DATE: *(Fecha)* JUN 0 1 2011 Clerk, by *(Secretario)* M. BANE , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Pacific Cheese Co., Inc. a California Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

NERY'S USA, INC. V. ZAHAVA GROUP, INC., ET AL

ATTACHMENT TO SUMMONS

**DEFENDANTS:**

ZAHAVA GROUP, INC., a California Corporation;

DAVID FINKELSTEIN, an individual;

REPRESENTACIONES DE CALIFORNIA, S.A. de C.V., a foreign corporation;

ALIMENTADOR DEL PACIFICO S.A. de C.V., a foreign corporation;

PACIFIC CHEESE CO., INC., a California Corporation; and

DOES 1-100

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert W. Hicks (SBN 168049)
ROBERT W. HICKS & ASSOCIATES
501 W. Broadway, Suite 800
San Diego, CA 92101
TELEPHONE NO. (619) 236-3403 FAX NO.:
ATTORNEY FOR (Name): NERY'S USA, INC.

FOR COURT USE ONLY

2011 JUN -1 P 12:43

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

CASE NAME:
Nery's USA, Inc. v. Zahava Group, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2011-00092174-CU-BT-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 8 Trademark infringement, unfair competition, fraud, interference with busine
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/1/11
Robert W. Hicks
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





7

CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2011 JUN -1 P 12:43

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

ROBERT. W. HICKS (CA Bar No. 168049)
KENNETH R. WRIGHT (CA Bar No. 176325)
ROBERT W. HICKS & ASSOCIATES
501 W. Broadway, Suite 800
San Diego, CA 92101
Phone: (619) 236-3403
Fax: (619) 236-3413

Attorneys for Plaintiff
NERY'S USA, INC., a Nevada Corporation.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| NERY'S USA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZAHAVA GROUP, INC., a California Corporation; DAVID FINKELSTEIN, an individual; REPRESENTACIONES DE CALIFORNIA, S.A. de C.V.; ALIMENTADOR DEL PACIFICO S.A. de C.V.; PACIFIC CHEESE CO., INC., a California Corporation; and DOES 1-100,<br><br>Defendants, | 37-2011-00092174-CU-BT-CTL<br>CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff NERY'S USA, INC. (hereinafter "NERY'S USA" or "Plaintiff") alleges as follows:

## THE PARTIES

1. NERY'S USA is a corporation which is organized under the laws of Nevada and operates a food distribution business which owns, among other things, the exclusive rights to use the trademark "Nery's" in connection with cheese products, including the copyrights and



COPY

artwork associated with the Nery's brand ("the Nery's mark"), as successor in interest to the rights in the Nery's mark of Nascent Wine Company, Inc. ("Nascent").

2. Plaintiff is informed and believes and based thereon alleges that Defendant ZAHAVA GROUP, INC. ("ZAHAVA") is a California Corporation with its principal place of business located at 7525 Brittania Park Place, San Diego, California. ZAHAVA operates a food import/export and distribution business.

3. Plaintiff is informed and believes and based thereon alleges that Defendant DAVID FINKELSTEIN ("FINKELSTEIN") is a resident of San Diego, California. Plaintiff is informed and believes and based thereon alleges that FINKELSTEIN is an officer of ZAHAVA.

4. Plaintiff is informed and believes and based thereon alleges that Defendant REPRESENTACIONES DE CALIFORNIA, S.A. de C.V. ("REPRESENTACIONES") is a corporation organized under the laws of Mexico with its principal place of business located at 7525 Brittania Park Place, San Diego, California. Plaintiff is informed and believes and based thereon alleges that REPRESENTACIONES is a subsidiary of ZAHAVA.

5. Plaintiff is informed and believes and based thereon alleges that Defendant ALIMENTADOR DEL PACIFICO S.A. de C.V. ("PACIFICO") is a corporation organized under the laws of Mexico with its principal place of business located at 7525 Brittania Park Place, San Diego, California. Plaintiff is informed and believes and based thereon alleges that PACIFICO is a subsidiary of ZAHAVA.

6. Plaintiff is informed and believes and based thereon alleges that Defendant PACIFIC CHEESE CO., INC, ("PACIFIC CHEESE") is a California Corporation with its principal place of business located at 21090 Cabot Blvd., Hayward, California. Plaintiff is informed and believes and based thereon alleges that PACIFIC CHEESE manufactures, labels and distributes cheese with the Nery's mark and sells Nery's cheese to ZAHAVA and/or REPRESENTACIONES.

7. Plaintiff does not know the true names or identities of DOES 1 to 100, and therefore, makes claim against Defendants under such fictitious names. Plaintiff prays for leave to amend its claim to identify and charge properly said Defendants, whenever the necessary facts are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the DOE Defendants, is, and at all times relevant hereto was, the agent, servant and/or employee of each of his, her, its or their co-defendants, and in committing the acts alleged herein, was acting within the scope of his, her, its, or their authority as such agents, servants, and/or employees, and with the permission and consent of his, her, its, or their co-defendants, and acting in concert with each of the other defendants toward a common goal.

8. The allegations and facts supporting the claims herein occurred in San Diego, California. ZAHAVA and REPRESENTACIONES agreed to the jurisdiction of this Court. The relief requested by Plaintiff is in excess of this Court's jurisdictional limit.

## GENERAL ALLEGATIONS

9. NERY'S USA is the owner of all right, title and interest in and to the Nery's mark and variants thereto in connection with cheese by virtue of its purchase of the Nery's mark from Nascent on or about February 1, 2010. NERY'S USA is the owner of United States federal trademark serial number 77699776 for "NERY'S MANTENGASE REFRIGERADO PRODUCTO DE LOS ESTADOS UNIDOS" under the international classification of 029 for cheese.

10. NERY'S USA has continually used the trademark Nery's in connection with its cheese products and has invested significant resources to advertise and promote its business using the Nery's mark in print, broadcast media, and the Internet. In addition, NERY'S USA has made extensive use of the Nery's mark on, among other things, signage and promotional materials.

11. Based on its federal trademark and extensive use, NERY'S USA owns the exclusive right to use the Nery's mark and derivative marks in connection with cheese

products. The uniqueness of Plaintiff's mark and extensive advertising and promotion of Plaintiff's mark has resulted in the Nery's mark being distinctive for cheese products.

12. On or about July 27, 2009, ZAHAVA, PACIFICO and REPRESENTACIONES ("Licensees") entered into a contract with Nascent, wherein Licensees were permitted to use the Nery's mark in connection with the sale of cheese products, subject to certain terms and conditions, including but not limited to the payment of royalties and a weekly purchase volume ("License Agreement"). A copy of the License Agreement is attached hereto as Exhibit "1" which terms are hereby incorporated as if fully set forth herein. NERY'S USA is the owner of all right, title and interest in and to the License Agreement by virtue of its purchase of the Nery's business from Nascent. Upon information and belief, PACIFIC CHEESE manufactured, labeled and sold cheese products to one or more of the Licensees using the Nery's mark.

13. Licensees breached the terms of the License Agreement by, among other things, failing to meet the weekly purchase volume specified in the License Agreement. Licensees were advised of this breach on or about March 31, 2010, and provided with 30 days to cure this breach. Licensees did not cure this breach and on or about May 1, 2010, Licensees were notified in writing that the License Agreement was terminated and that they were to immediately cease and desist using the Nery's mark. PACIFIC CHEESE was also informed that the License Agreement had terminated and that Licensees had no rights to use the Nery's mark, and PACIFIC CHEESE was directed to immediately cease and desist the manufacture and labeling of cheese products using the Nery's mark.

14. Upon information and belief, Defendants and each of them did not cease the use of the Nery's mark in connection with cheese products and continued to do so in violation of NERY'S USA's legal rights. FINKELSTEIN acknowledged that the License Agreement is terminated yet directed Defendants to continue to use the Nery's mark in connection with the sale and distribution of cheese products without the permission of NERY'S USA, all to the detriment of NERY'S USA.

15. Plaintiff is informed and believes and based thereon alleges that Defendants continue to produce and distribute for sale cheese products bearing the Nery's mark without the permission of NERY'S USA and compete unfairly with Plaintiff, all in violation of NERY'S USA'S rights. Defendants' illegal activities as described herein have caused monetary damage to Plaintiff, has damaged Plaintiff's reputation, and among other things, Defendants' illegal use of the Nery's mark has unlawfully diverted business from Plaintiff to Defendants.

16. Upon information and belief, each of the Defendants had actual knowledge of the intentional and unlawful acts of the other Defendants, and has knowingly assisted in their consummation, and each of the Defendants has therefore aided and abetted the unlawful scheme(s) described herein. Defendants developed and put into practice an illegal scheme to damage Plaintiff. In performing the acts alleged herein, Defendants did so knowing of their illegality, yet assisted and encouraged one another to so act, forming a conspiracy to commit unlawful acts.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting 15 U.S.C. § 1114)

17. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

18. Defendants used and/or are using in commerce the Nery's mark, which is owned by Plaintiff and registered as a trademark with the United States Patent & Trademark Office, federal trademark serial number 77699776, in connection with their manufacture, labeling, sale and distribution of cheese products without the consent of Plaintiff. Defendants have no legal right, privilege or justification for this conduct.

19. Defendants' use in commerce of the Nery's mark for Defendants' cheese products constitutes a reproduction, copying, counterfeiting, and colorable imitation of the Nery's mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

20. By using the Nery's mark with the knowledge that Plaintiff owns and has used, and continues to use, its trademark, Defendants have intended to cause confusion, mistake, and/or deceive consumers.

21. As a direct and proximate result of Defendants' infringement including counterfeiting, Plaintiff has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation and goodwill.

22. Based on the intentional, willful, fraudulent, oppressive and malicious nature of Defendants' conduct, Plaintiff is entitled to recover exemplary damages, including treble damages for counterfeiting, and reasonable attorneys fees and costs incurred in this action pursuant to 15 U.S.C. 1117.

**SECOND CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

23. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

24. By virtue of having used and continuing to use the Nery's mark, Plaintiff has acquired legal rights to the Nery's mark.

25. Defendants' use of a mark identical and/or confusingly similar to Plaintiff's mark infringes Plaintiff's rights in the Nery's mark, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' cheese products originate from, or is affiliated with, or endorsed by Plaintiff when it is not.

26. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation and goodwill.

**THIRD CLAIM FOR RELIEF**

**(False Advertising – 15 U.S.C. §1125(a))**

27. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28. Defendants' false and misleading statements of fact in commercial advertisements including the unauthorized use of the Nery's mark, concern Defendants' own services, namely distribution and sale of cheese products.

29. Upon information and belief, such commercial advertising statements have actually deceived or have the tendency to deceive a substantial segment of customers of cheese products.

30. The deception to consumers created by Defendants' false advertising of its services is material, in that it is likely to influence the purchasing decision of these consumers. Defendants caused said false statements to enter interstate commerce, and Plaintiff has been or is likely to be injured as a result of these false statements, by direct diversion of sales from itself to Defendants and by a lessening of the goodwill associated with its products.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Agreement)**

31. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. The parties entered into the License Agreement as alleged herein.

33. The License Agreement was an enforceable, valid, and binding agreement supported by consideration.

34. Plaintiff fully performed all of its obligations under the License Agreement.

35. Licensees breached the License Agreement by, among other things, failing to purchase a minimum amount of cheese and non payment of royalties. Defendants continue to manufacture, market and distribute cheese products under the Nery's mark subsequent to the breach and termination of the License Agreement.

36. As a direct and proximate result of the Defendants' acts or omissions Plaintiff has suffered and will continue to suffer direct, incidental, and consequential damages in an amount to be proven at trial.

///

**FIFTH CLAIM FOR RELIEF**

**(Breach Of Implied Covenant Of Good Faith And Fair Dealing)**

37. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38. Implied in the License Agreement was the obligation of good faith and fair dealing. Licensees owed a duty of good faith to the Plaintiff arising from the License Agreement.

39. The License Agreement created a special element of reliance and/or a fiduciary duty in which the Licensees agreed to perform their duties and responsibilities to the best of their abilities and in a diligent, trustworthy, businesslike, and efficient manner.

40. However, the Licensees have contractually and tortuously breached the implied covenant of good faith and fair dealing by, among other things:

a) Competing against Plaintiff;

b) Unauthorized use of the Nery's mark; and

c) Continuing to manufacture and sell cheese products under the Nery's mark.

41. Plaintiff's reasonable and specific expectations under the License Agreement were therefore denied and defeated.

42. As a direct and proximate result of the Licensees' acts and omissions, the Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial. The Licensees performed the foregoing acts, conduct, and omissions intentionally, willfully, maliciously, oppressively and fraudulently with the intent and design to injure the Plaintiff. By reason of this conduct, the Plaintiff is also entitled to recover punitive and exemplary damages from the Defendants in an amount to be determined in accordance with proof of trial.

**SIXTH CLAIM FOR RELIEF**

**(Unfair Competition under California Business & Professions Code §17200/17500, et seq)**

43. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Defendants' wrongful and unlawful use of Plaintiff's mark as alleged herein, constitutes unfair and unlawful business practices in violation of California Business and Professions Code §§ 17200, et seq.

45. Plaintiff is the sole owner of all right, title and interest in the Nery's mark. Defendants' use and/or benefitting from the infringing mark is unauthorized, unlawful, fraudulent and unfair. Defendants' unlawful use and/or benefitting from the Nery's mark constitutes an infringement of Plaintiff's rights.

46. Defendants' unlawful, unfair and fraudulent acts as alleged herein, including but not limited to, violations of the laws of this State, and Defendants' misrepresentations of material fact to the consuming public, with the likelihood of deceiving the consuming public, constitute unfair business practices in violation of California Business and Professions Code §§ 17200, et seq.

47. As alleged herein, Defendants have made false statements and continue to make untrue or misleading statements and Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading to members of the public who are likely to be deceived. Defendants' wrongful and unlawful acts constitutes a scheme to mislead consumers via unfair and unlawful business practices in violation of California Business and Professions Code §§ 17500, et seq.

48. As a direct and proximate result of such unfair competition, Plaintiff has suffered in fact and has lost money or property, and will continue to suffer monetary loss and irreparable injury to its business, reputation and goodwill unless Defendants are enjoined from the conduct complained of herein.

**SEVENTH CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage)**

49. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

50. Upon information and belief, at the time Defendants began using Plaintiff's names and marks, and conducting its scheme of false advertising, Defendants knew and have known that Plaintiff is in the business of selling cheese products.

51. Upon information and belief, Defendants committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing cheese products by, among other things, diverting potential purchasers of Nery's cheese from Plaintiff to Defendants who upon information and belief, infringe on the Nery's mark.

52. Defendants have no legal right, privilege or justification for this conduct.

53. As a direct and proximate result of Defendants' intentional interference with Plaintiff's prospective economic advantage, Plaintiff has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation and goodwill. Based on the intentional, willful, fraudulent, oppressive and malicious nature of Defendants' conduct, Plaintiff is entitled to recover exemplary damages and reasonable attorneys fees and costs incurred in this action.

## EIGHTH CLAIM FOR RELIEF

**(Fraud)**

54. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55. Defendant FINKELSTEIN made a number of representations to Plaintiff in connection with the License Agreement, including that Licensees would abide by the terms of the License Agreement. Following termination of the License Agreement, Defendant FINKELSTEIN made additional representations, including that Defendants would cease the use of the Nery's mark.

56. The representations made by Defendant FINKELSTEIN were false and/or misleading when made because: 1) Defendants never intended to honor the terms of the License Agreement; 2) Defendants never intended to pay royalties under the License Agreement; 3) Defendants entered into the License Agreement to gain a foothold in the cheese

market and develop sales that they would then utilize without compensation to Plaintiff; 4) Defendants continue to use the Nery's mark after the License Agreement was terminated; 5) Defendants compete with Plaintiff and illegally divert business from Plaintiff by unlawful use of the Nery's mark; and 6) Defendants continue to hold themselves out as bona fide sellers of cheese under the Nery's mark, when they have no such permission or association.

57. The truth behind the representations made by Defendant FINKELSTEIN on behalf of Defendants was concealed from Plaintiff and if Plaintiff had been provided with the truth, it would not have entered into the License Agreement. Plaintiff reasonably relied upon the misrepresentations made by Defendants, all of which proved to be false.

58. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial. The conduct of Defendants as alleged herein was oppressive, fraudulent and malicious and was committed willfully and/or with reckless disregard for the rights of Plaintiff, and without just cause or excuse. Accordingly, Plaintiff is also entitled to exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendants, their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with them, or any of them, from using the Nery's mark or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in connection with cheese products;

B. An order under 15 USC 1116 to seize all of Defendants' cheese products bearing the Nery's mark, including any packaging or other items illegally using the Nery's mark.

C. An award of compensatory, consequential, statutory, including treble damages for counterfeiting, and punitive damages to Plaintiff in an amount to be determined at trial;

D. An award of interest, costs and attorneys fees incurred by Plaintiff in prosecuting this action; and

E. All other relief to which Plaintiff is entitled.

Dated: June 1, 2011

ROBERT W. HICKS & ASSOCIATES

Robert. W. Hicks
Kenneth R. Wright
Attorneys for Plaintiff NERY'S USA, INC,

EXHIBIT 1

This Agreement is entered between Zahava Group, Inc., on behalf of itself and its subsidiaries, and Nascent Foodservice Company, Inc., on behalf of itself and its subsidiaries. For valuable consideration received, the parties hereto agree as follows:

1) **The parties.** Zahava Group has its location in Otay, California and imports into Mexico through the border at Otay Mesa and other locations. Through its subsidiaries, Zahava has cold storage facilities on both sides of the border and extensive importation experience. Nascent owns the brand name cheese, Nery's Cheese. Nascent has a cut and wrap facility for cheese in Tijuana. The parties wish to enter an exclusive distributorship, licensing and production agreement.

2) **Covenants.** Zahava Group agrees to purchase and deliver a minimum of one truckload(40,000lbs) of Monterey Jack or other specified cheese to Nascent for cutting and wrapping at Nascent's facility also know as Comercial Targa in Tijuana, Baja California Mexico. Nascent agrees to cut the cheese to Zahava's size specifications and wrap the cheese with the Nery's brand name thereon.

3) **Territories.** The territory for the distribution of the cheese shall be all of Mexico. Nascent and Comercial Targa shall, and hereby does, provide Zahava and its affiliates with an exclusive distributorship of any and all cheese bearing the Nery's Cheese trademark in Mexico. This grant is conditioned upon and subject to Zahava's purchase and delivery of one truckload of cheese(40,000lbs) for cutting and wrapping by Nascent in Tijuana, Mexico per week.

5) **Customers.** Nascent agrees to provide Zahava and its affiliates with its current and prospective customer lists. Representaciones and its related companies agree to promote and expand the customer base throughout Mexico for the brand name Nery's cheese.

6) **Term.** This is an agreement to grant Zahava Group and its entities the exclusive right to represent and sell the Nery's Cheese brand in Mexico subject to the minimum weekly delivery requirement in paragraph 2.0 shall be for a term of seven (7) years and renewable for another 7 years, thereafter

7) **Consideration.** The parties hereto recognize that each has expended time, efforts and money to achieve this agreement and consideration for this agreement is hereby acknowledged.

8) **Venue for Claims.** Any claims, disputes and/or litigation arising out of this agreement shall be brought in the County of San Diego in Superior Court.

9) **Compensation.** Zahava Group Inc., and its affiliates will compensate and pay Nascent Wine Co. and or its affiliates the sum of monies to be agreed on for the cut and wrap operation of Nascent Wine Co. and or its affiliates within 7 days of delivered of completed product to its facilities in Tijuana ( Baja Frige)

the same equal amount of lbs. delivered for production. Compensation for completed product picked up by Representaciones at Comercial Targa shall be paid on the exact amount of lbs. delivered and picked up for cut and wrap at a rate of $.395 per lbs. completed. Royalty Rate: Five percent (5%) in net Sales per calendar year for all Distribution Channels, payable in United States Dollars to NASCENT BRANDS.

10) **Exclusions.** In the event of any natural disaster out of our control and if operations have to be postponed for a certain period both parties agree to discuss the situation and both agree on the forward procedures of business.

11) **Quality**. Nascent Wine Co. and its affiliates will abide by the quality standards of the California Milk Advisory Board in the quality of the cut and wrap operation and maintain a sanitary facility with no contamination of the products being wrapped.
Minimum Guarantees: This license grant is conditioned upon and subject to Zahava/Repmex's purchase and delivery of one truckload of cheese (400,00lbs) per week.

12) **Grant of License; Ownership of Rights.**Upon the terms and conditions set forth in this Agreement, NASCENT BRANDS hereby grants to ZAHAVA/REPMEX and BRANDS Properties solely on or in connection with the manufacture, distribution and sale of Licensed Products in Distribution Channels in the Territory during the Term. Notwithstanding the foregoing, ZAHAVA/REPMEX agrees and acknowledges that this license pertains only to the specific cheese and dairy products defined as the Licensed Products and in no manner effects NASCENT BRANDS's ability to produce other cheese and dairy products including pizzas and ice cream.

13) **Approvals and Quality.** General. In order to maintain the reputation of the NASCENT BRANDS Properties, ZAHAVA/REPMEX agrees to comply and maintain compliance with the quality standards and specifications of NASCENT BRANDS in respect to all uses whatsoever of the Licensed NASCENT BRANDS Properties on or in relation to the Licensed Products or promotional and packaging material used in connection therewith throughout the Term. No Licensed Products and material whatsoever utilizing the Licensed NASCENT BRANDS Properties or any NASCENT BRANDS Properties shall be manufactured, sold, distributed, promoted or otherwise used in any manner whatsoever without NASCENT BRANDS's prior approval. In order to facilitate the approval process, ZAHAVA/REPMEX shall comply in all respects with the procedures set forth below.

14) **Artwork, Copyright and Trademark Notices and Protection.**

(a) Appearance. The Licensed NASCENT BRANDS Properties shall be displayed or used only in such form and in such manner as has been specifically approved in writing by NASCENT BRANDS in advance and ZAHAVA/REPMEX undertakes to assure usage of the Licensed NASCENT BRANDS Properties and all copyrights, trademarks and other proprietary rights pertaining thereto solely as approved pursuant to the Agreement. Furthermore, if NASCENT BRANDS changes the appearance of any of the Licensed NASCENT BRANDS Properties, ZAHAVA/REPMEX shall, if requested by NASCENT BRANDS Properties in



2

Licensed Products and related materials manufactured or created after such change and after a commercially reasonable period to effect such changes in manufacture or production. At its sole discretion, NASCENT BRANDS may provide ZAHAVA/REPMEX with NASCENT BRANDS's then current "Style Guide." ZAHAVA/REPMEX shall not vary or modify any of the terms and specifications contained therein, which shall be deemed to be incorporated by reference into this Agreement.

(b) Ownership of Artwork. The parties acknowledge and agree that NASCENT BRANDS shall own all copyrights, trademarks and other proprietary rights in any and all artwork authorized for use hereunder by NASCENT BRANDS that specifically incorporates or otherwise includes the NASCENT BRANDS Properties. This provision shall not transfer to NASCENT BRANDS any ownership in or license to ZAHAVA/REPMEX's trademarks or logos.

(c) Protection. NASCENT BRANDS may, in its sole discretion, commence or prosecute and effect the disposition of any claims or suits relative to the imitation, infringement and/or unauthorized use of the License NASCENT BRANDS Properties either in their own name, or in the name of ZAHAVA/REPMEX, or join ZAHAVA/REPMEX as a party in the prosecution of such claims or suits. ZAHAVA/REPMEX shall promptly notify NASCENT BRANDS in writing of any infringements or imitations or unauthorized uses by others of the Licensed NASCENT BRANDS Properties, on or in relation to products identical to, similar to or related to the Licensed Products or the existence, use or promotion of any mark or design similar to the NASCENT BRANDS Properties, to the extent ZAHAVA/REPMEX is aware of the foregoing. NASCENT BRANDS shall, in its sole discretion, have the right to settle or effect compromises in respect thereof. ZAHAVA/REPMEX shall not, without the prior written consent of NSCENT BRANDS, institute any suit or take any action on account of such infringements, imitations or unauthorized uses.

15) **Right of Termination.** If during any calendar month during the Term following the calendar month in which the Marketing Date occurs, ZAHAVA/REPMEX fails to sell reasonable commercial quantities of the Licensed Products, NASCENT BRANDS may terminate ZAHAVA/REPMEX's rights under this Agreement as applicable to such category, upon thirty (30) days prior written notice to ZAHAVA/REPMEX.

16) **Manufacturing.** Production Facilities. ZAHAVA/REPMEX agrees to furnish NASCENT BRANDS promptly with the addresses of ZAHAVA/REPMEX's production facilities for the Licensed Products and the names and addresses of the persons or entities, if any, which are manufacturing each of the Licensed Products for ZAHAVA/REPMEX. NASCENT BRANDS shall have the right at any time during regular business hours and at its own expense upon twenty-four (24) hours notice to inspect any production facilities where any Licensed Products are being manufactured for the purpose of enabling NASCENT BRANDS to determine whether ZAHAVA/REPMEX is adhering to the requirements of the Agreement relating to the nature and quality of the Licensed Products and the use of the Licensed NASCENT BRANDS Properties in connection therewith.

17) **Royalties.**

(a) Calculation of Royalties. ZAHAVA/REPMEX shall pay to NASCENT BRANDS as royalties a sum equal to the Royalty Rate of all Net Sales by ZAHAVA/REPMEX of Licensed Products on which or in connection with which the Licensed NASCENT BRANDS Properties are used (the "Licensed Product Royalties"). The term "Net Sales" shall mean the gross invoice price billed direct to customers (no intercompany r related company sales), less actual discounts and actual returns; provided, however, such deducted amount shall not exceed fifteen percent (15%) of gross sales per year. No costs incurred in the manufacture, sale, distribution, advertisement, or exploitation of the Licensed Products shall be deducted from any Royalties (defined below) payable by ZAHAVA/REPMET.

(b) Accrual. Royalties shall accrue upon the sale of the Licensed Products regardless of the time of collection by ZAHAVA/REPMET. For purposes of this Agreement, Licensed Products shall be considered "sold" on the date when such Licensed Products are billed, invoiced, shipped or paid for, whichever event occurs first.

(c) Currency. Except as otherwise specified herein, all payments shall be in U.S. Dollars, calculated quarterly, using the average rate of exchange for the currency of the Territory and the U.S. Dollar, based on the World Value of Dollar Rate quoted in The Wall Street Journal dumlng the four weeks immediately preceding the payment due date.

(d) Payment. Unless and until NASCENT BRANDS furnishes ZAHAVA/REPMEX notice directing otherwise, all sums payable to NASCENT BRANDS and statements to be furnished hereunder shall be paid and furnished in NASCENT BRANDS's name to NASCENT BRANDS.

18) **Royalty Payment and Reporting.** Monthly Payments. ZAHAVA/REPMEX shall pay the Royalties based upon Net Sales in monthly periods ending on the last day of each month. Payments shall be received by NASCENT BRANDS within five (5) days after the end of each monthly period. Neither the expiration nor the termination of this Agreement shall relieve ZAHAVA/REPMEX from its obligation to pay the Royalties.

19) **Books and Records**

(a) Maintenance, Inspection and Audit. ZAHAVA/REPMEX shall keep, maintain and preserve (in ZAHAVA/REPMEX's principal place of business) during the Term and for at least two (2) years following termination or expiration of the Term, complete and accurate records and accounts covering all transactions relating to this Agreement. All such records and accounts shall be maintained in accordance with generally accepted accounting principles consistently applied. Such records and accounts shall be available for inspection and audit at any time or times (except during the 60-day period immediately following ZAHAVA/REPMEX's fiscal year-end of August 31) during or after the Term or any renewal(s) terms during reasonable business hours and upon reasonable notice by NASCENT BRANDS or their nominees, but no more frequently than once per calendar year. ZAHAVA/REPMEX agrees not to cause or permit any interference with NASCENT BRANDS or nominees of NASCENT BRANDS in there performance of their duties. During such inspections and

audits. NASCENT BRANDS shall have the right to take extracts and/or make copies of ZAHAVA/REPMEX's records such records pertain to the Licensed Products and as it deems necessary.

(b) Effect of Exercise of Audit Rights. The exercise by NASCENT BRANDS, in whole or in part, at any time of the right to audit records and accounts or of any other right herein granted, shall be without prejudice to any rights or remedies of NASCENT BRANDS and shall not preclude or prevent NASCENT BRANDS from thereafter disputing the accuracy of any such statement or payment within one (1) year of its receipt, except that the correctness of any statement may be questioned at any time if it appears that ZAHAVA/REPMEX has engaged in fraudulent behavior or had concealed or manipulated the such statements

(c) **LICENSED PRODUCTS:**
~~NERY'S PURO MONTEREY JACK~~ CHEESE
NERY'S MOZZARELLA CHEESE
NERY'S CHEDDAR CHEESE
NERY'S YELLOW AND WHITE SANDWICH SLICES
NERY'S COTTAGE CHEESE
NERY'S SOUR CREAM
NERY'S MANCHEGO CHEESE
NERY'S CHIGUAHUA CHEESE

20) **Supply.** In the event that Comercial Targa operating as Nascent Wine Co. and it affiliates are not able to supply Representaciones de California S.A. de C.V. enough completed product from its facility due to high demand the parties agree and hold Zahava and Representaciones harmless and also agree that Representaciones S.A. de C.V and Zahava Group Inc. will be allowed under a licensing agreement to produce the cheese with the brand name Nery's in either U.S. or in its Tijuana facility with a compensation under an exclusive licensing agreement to be paid at 5% on merchandise sold.

21) **Termination**; In the event Zahava Group and its affiliates fail to comply with their absolute obligations described in paragraphs 2.0 and 9.0 above, and, if they do not cure the breach within the 30 day term for cure stated below, Nascent shall have the right to cancel the agreement in full and take back its full rights as owner of Nery's brand.

22) **Cure**; Parties shall have 30 days to cure any breach of their obligations under this agreement after notice by Nascent and/or Zahava of any breach and to cure any breach. Notice of breach shall be delivered personally to either parties' office.

It is so agreed.

[signature]
David Finkelstein , On behalf of
*Zahava Group, Inc.*

DATED: 7/27/09

*Representaciones De California, S.A. de C.V.*
*Alimentador del Pacifico S.A. de C.V.*

Sandro Piancone, CEO
Nascent Foodservice Company, Inc.
Best Beer S.A. de C.V.
Comercial Targa S.A. de C.V.

DATED: 7/27/09

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Nery's USA, Inc.

**DEFENDANTS**
ZAHAVA GROUP, INC., A California Corporation, DAVID FINKELSTEIN, An Individual, REPRESENTACIONES DE CALIFORNIA, S.A. DE C.V; ALIMENTADOR DEL PACIFICO, S.A. DE C.V.; PACIFIC CHEESE CO., INC., A California Corporation; AND DOES 1-100,

'11CV1469 BEN JMA

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Hicks/Kenneth W. Wright
Robert W. Hicks & Associates
501 W. Broadway, Suite 800
San Diego, CA 92101
(619) 236-3403

Attorneys (If Known)
Andrew P. Holland/Stephen C. Gerrish
Thoits, Love, Hershberger & McLean
285 Hamilton Avenue, Suite 300
Palo Alto, CA 94301
(650) 327-4200

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS** — PERSONAL INJURY: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury
PERSONAL INJURY: 362 Personal Injury - Med. Malpractice; 365 Personal Injury - Product Liability; 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**CIVIL RIGHTS**: 441 Voting; 442 Employment; 443 Housing/ Accommodations; 444 Welfare; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 440 Other Civil Rights

**PRISONER PETITIONS**: 510 Motion to Vacate Sentence; Habeas Corpus: 530 General; 535 Death Penalty; 540 Mandamus & other; 550 Civil Rights; 555 Prison Condition

**FORFEITURE/PENALTY**: 610 Agriculture; 620 Other Food & Drug; 625 Drug Related Seizure of Property 21 USC 881; 630 Liquor Laws; 640 R.R. & Truck; 650 Airline Regs.; 660 Occupational Safety/Health; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 730 Labor/Mgmt. Reporting & Disclosure Act; 740 Railway Labor Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**: 462 Naturalization Application; 463 Habeas Corpus - Alien Detainee; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; [X] 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**: 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 810 Selective Service; 850 Securities/Commodities/ Exchange; 875 Customer Challenge 12 USC 3410; 890 Other Statutory Actions; 891 Agricultural Acts; 892 Economic Stabilization Act; 893 Environmental Matters; 894 Energy Allocation Act; 895 Freedom of Information Act; 900 Appeal of Fee Determination Under Equal Access to Justice; 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28:1331
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** [ ] CHECK YES only if demanded in complaint: **JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE
July 1, 2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Andrew P. Holland

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______